UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Crim. No.: 6:13-cr-0001-GFVT-3 |
| | ) | Related Civil No.: 6:16-cv-0247-GFVT |
| V. | ) | |
| | ) | |
| MADIE PARRIMAN, | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Defendant/Petitioner. | ) | **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition filed by the former United States Magistrate Judge Robert E. Wier. [R. 345.] The Defendant, Madie Parriman, has filed a *pro se* motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. [R. 337.] Consistent with local practice, Judge Wier reviewed the motion and ultimately recommends that the Court deny Defendant Parriman's motion in its entirety.

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the Recommended Disposition or else waive his rights to appeal. In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection must "explain and cite specific portions of the report which [defendant] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (internal quotations and citations omitted). A general objection that fails to identify specific factual or legal issues from the recommendation, however, is not permitted, since it duplicates the Magistrate's efforts and

wastes judicial economy.  *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Defendant Parriman filed timely objections on December 12, 2016.  [R. 347.]  The Court acknowledges its duty to review Ms. Parriman's filings under a more lenient standard than the one applied to attorneys because Ms. Parriman is proceeding *pro se*.  *See Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985).  Under this more lenient standard, Ms. Parriman's objections are sufficiently definite to trigger the Court's obligation to conduct a *de novo* review.  *See* 28 U.S.C. § 636(b)(1)(c).  The Court has satisfied that duty, reviewing the entire record, including the pleadings, the parties' arguments, relevant case law and statutory authority, as well as applicable procedural rules.  For the following reasons, Ms. Parriman's objections will be **OVERRULED**.

## I

Judge Wier's Recommended Disposition accurately sets forth the factual and procedural background of the case.  The Court mentions only key facts to frame its discussion and analysis and incorporates Judge Wier's discussion of the record in this Order

In May of 2013, Ms. Madie Parriman was indicted for conspiracy to distribute oxycodone and possession with intent to distribute oxycodone.  [R. 28.]  That December, Ms. Parriman entered a guilty plea to the conspiracy charge, and the Government dismissed the counts of possession with intent to distribute.  [R. 169; R. 171.]  On February 11, 2016, she was sentenced to 170 months of imprisonment, which she did not appeal.  [R. 332.]

## II

Ms. Parriman filed a motion for § 2255 relief on October 31, 2016.  [R. 337.]  However, as Judge Wier notes, this motion is actually a motion to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2).  Ms. Parriman is, in fact, requesting a reduction of her sentence pursuant to

the United States Sentencing Guidelines Amendment 794, accordingly. She claims the Court should have considered a minor role reduction pursuant to Amendment 794 at sentencing. However, Judge Wier determined that Amendment 794 became effective on November 1, 2015, prior to Ms. Parriman's sentencing. [R. 345 at 4.] Because Amendment 794 were already in effect, Judge Wier found that § 3582(c)(2) provides her no relief.

Amendment 794 pertains to the mitigating role reduction in U.S.S.G. § 3B1.2. Ms. Parriman received adjustment for her role in the offense at sentencing. [R. 340 at ¶37.] In her objections, Ms. Parriman restates her request for a reduced sentence, and elaborates on the circumstances she believes should have been considered during her sentencing. [R. 347.] A court may reduce a sentence of imprisonment if that previous sentence was "based on a sentencing range that has *subsequently* been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2) (emphasis added).

The key here is the amendment must be subsequent to the imposition of the defendant's sentence. In Ms. Parriman's case, Amendment 794 already applied to her sentencing guidelines. She made no objections to the Presentence Investigation Report (PSR), which did not include a reduction for a mitigating role under § 3B1.2. Further, the PSR indicates she stipulated responsibility for oxycodone that corresponded to over 33,000 kilograms of marijuana equivalency. [R. 340 at ¶ 27.] Such an astonishing level does not suggest Ms. Parriman was considered to have a "mitigating role" in this offense. She may not have been the most culpable defendant in the conspiracy, but this does not necessarily mean she was "substantially less culpable than the average participant" as contemplated by § 3B1.2. *See* Application Note 3. Accordingly, these objections are overruled.

In his objections, Mr. Abdul-Rahman primarily reiterates his arguments from his § 2255 motion, but he also points to portions of Judge Atkins's Recommendation he views problematic. [R. 32.] The Court generally applies a less stringent standard to pleadings made by *pro se* litigants, and under this standard, some of his objections are sufficiently specific to trigger *de novo* review. *See Pilgram v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Here, Mr. Abdul-Rahman claims that he was not convicted for possession of a firearm, and therefore, his conviction for armed robbery should not be considered a crime of violence. [R. 32 at 3–4.] However, it is not necessary to be convicted with possession of a firearm for the conviction to be considered a "crime of violence." Under the application note for § 4B1.2, robbery, not just *armed* robbery, is considered a "crime of violence." It is irrelevant whether Mr. Abdul-Rahman possessed a firearm. Furthermore, he objects to Judge Atkins's reliance on his sentencing memorandum to find these convictions. However, the crimes reflected in the sentencing memorandum are the same crimes reflected in the Presentence Investigation Report. [*Compare* R. 22 *with* R. 37.] Any error from such reliance on the sentencing memorandum for this information is harmless. Accordingly, these objections are overruled.

### III

After reviewing *de novo* the entire record, as well as the relevant case law and statutory authority, the Court agrees with Judge Wier's thorough analysis of Ms. Madie Parriman's claims. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant/Movant Madie Parriman's Motion to Vacate under § 2255 [**R. 337**] is **CONSTRUED** as a Motion for Resentencing under § 3582;

2. Defendant Madie Parriman's Objections to the Recommended Disposition [**R. 347**] are **OVERRULED**;

3. The Magistrate Judge's Recommended Disposition [**R. 345**] is **ADOPTED** as and for the Opinion of this Court; and

4. The Defendant's Construed Motion for Resentencing under § 3582 [**R. 337**] is **DENIED**.

This the 7th day of September, 2018.

Gregory F. Van Tatenhove
United States District Judge